on which he was sentenced to a seventeen year term of imprisonment and a concurrent five year term of imprisonment.

No error of law appears and no jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment is affirmed in accordance with Rule 30.25(b).

from this judgment, arguing he is entitled to a hearing on his two claims of ineffective assistance of counsel.

We have reviewed the briefs of the parties and the record on appeal and conclude the trial court's determination is not clearly erroneous. Rule 24.035(k). An extended opinion would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only setting forth the reasons for our decision. We affirm the judgment pursuant to Rule 84.16(b).

■

Brian THOMASON, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 73178.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 29, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kenneth P. Ferguson, Asst. Atty. Gen., Jefferson City, for respondent.

Before JAMES R. DOWD, P.J., and CRAHAN and RICHARD B. TEITELMAN, JJ.

### ORDER

PER CURIAM.

Brian Thomason (Movant) filed a Rule 24.035 motion for post-conviction relief after he pleaded guilty to several charges in two separate cases. The motion court denied his motion without a hearing. Movant appeals

■

STATE of Missouri, Respondent,

v.

Paul D. BRAKE, Jr. Appellant.

No. 73655.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 29, 1998.

Susan K. Roach, Chesterfield, for appellant.

Angela Dunn, Matthew T. Drake, Asst. Pros. Attys., Franklin County, Union, for respondent.

Before PUDLOWSKI, P.J., and CRANDALL and AHRENS, JJ.

### ORDER

PER CURIAM.

Paul D. Brake, Jr. (Defendant) appeals from the judgment and conviction for the misdemeanor offense of third degree assault in violation of section 565.070, RSMo 1994, in this bench-tried case.